Judgment rendered August 27, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,381-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

DONNA LACOUR, IN HER
CAPACITY AS EXECUTRIX OF
THE SUCCESSION OF JOHNYE
MAE MADDEN, JAMES D.
MADDEN AND LYDA ROBERTS
MADDEN

Plaintiff-Appellee

versus

MARY ELIZABETH CHUMLEY

Defendant-Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Webster, Louisiana
Trial Court No. 80,169

Honorable A. Parker Self, Jr., Judge

* * * * *

| | |
|---|---|
| HUDSON, POTTS & BERNSTEIN, LLP<br>By: Robert McCuller Baldwin<br>    Margaret H. Pruitt<br>    Jason R. Smith | Counsel for Appellant |
| KEVIN W. HAMMOND, APLC<br>By: Kevin W. Hammond | Counsel for Appellee,<br>Donna Lacour, In her<br>Capacity as Executrix of<br>the Succession of<br>Johnye Mae Madden |
| JOHN SCHUYLER MARVIN<br>J. KYLE MCCOTTER | Counsel for Appellees,<br>Lyda Robert Madden,<br>and James D. Madden |

CAROL POWELL LEXING & ASSOCIATES
By: Carol Denise Powell-Lexing

Counsel for Appellees,
Ethan Chumley, Mark
Chumley, Johnathan
Chumley, and Charles
Madden

* * * * *

Before STONE, HUNTER, and MARCOTTE, JJ.

**MARCOTTE, J.**

This civil appeal arises from the 26th Judicial District Court, Parish of Webster, the Honorable Parker Self presiding. Defendant-Appellant Mary Elizabeth Chumley appeals the trial court's judgment that she owes the succession of Johnye Mae Madden $531,838.49 plus 20% interest per annum. The trial court based its ruling on a partial summary judgment motion it previously granted against Ms. Chumley, but which was later reversed by this court in *LaCour v. Chumley*, 55,947 (La. App. 2 Cir. 11/20/24), 402 So. 3d 54. Plaintiff-Appellee Donna Lacour, in her capacity as executrix of the succession, has conceded that the judgment should be vacated since the summary judgment on which it was based was found by this court to be improperly granted. For the following reasons, we reverse.

## FACTS

This dispute centers around Ms. Lacour's allegation that Ms. Chumley misappropriated funds from her mother's estate, the Succession of Johnye Mae Madden, while serving as its executor. More specifically, Ms. Chumley allegedly misappropriated funds from a company she owned with her mother, Madden Property Management, LLC ("MPM"). Ms. Lacour claimed that she homologated a detailed descriptive list in the Succession of Johnye Mae Madden. According to Ms. Lacour, the homologation was proven at a January 13, 2022, hearing at which Ms. Chumley failed to appear. At the homologation hearing, accountant John McDaniel testified that Ms. Chumley owed the estate around $530,000. The trial court entered a judgment homologating a detailed descriptive list on February 22, 2022.

Ms. Lacour then treated the homologated detailed descriptive list as a final judgment.

Ms. Lacour filed a petition seeking to recover the property in the detailed descriptive list and for a money judgment. Ms. Chumley responded by filing an exception of improper cumulation of actions which the trial court granted and severed the proceeding from the succession. Motions for summary judgment were filed by both parties. On November 27, 2023, the trial court issued a judgment denying Ms. Chumley's motions for summary judgment and granting, in part, Ms. Lacour's motion for summary judgment. The trial court determined that there was no genuine issue of material fact as to the value of MPM; however, it left open the issue of "Ms. Chumley's ability to present evidence regarding her actions that may serve to reduce her total liability." The judgment granting the motion also designated it a final judgment.

Ms. Chumley appealed. While that appeal was pending, the case proceeded to trial on the sole remaining issue: "Ms. Chumley's ability to present evidence regarding her actions that may serve to reduce her total liability." A status conference was scheduled for April 23, 2024. Ms. Chumley argued for a stay, stating as follows:

> There are substantive issues in front of the Second Circuit. There's procedural issues. There's legal issues. There's factual issues. Any one of those issues, if they decide to go with us, [or] split the baby, it's going to impact a trial. We may have to try it twice…"

The judge responded that it "would not be the first time in my twenty years on the bench that I've tried something twice, but go ahead." Counsel for Ms. Lacour added, "I would just … point out that we would be running

the risk of trying it twice, but we are perfectly comfortable with doing it." The trial court proceeded with having the parties provide their availability, and a trial date was set for August 28, 2024. The trial court also acknowledged that it "did leave open for Ms. Chumley the ability to indicate to the court what amounts of money she may have expended that would reduce her liability…."

On August 27, 2024, a hearing was held on motions to compel filed by both Ms. Chumley and Ms. Lacour. The trial court denied both motions. At the hearing, Ms. Lacour stated, "We're just trying to get some direction on the scope of the trial tomorrow… I'd like some direction from the court about what's going to be tried tomorrow." The court replied, referring to the matters decided in its judgment granting the motion for summary judgment in part, "Well there's an issue at the Second Circuit. I'm certainly not going to relitigate anything that has to do with that calculation and how that occurred."

On August 28, 2024, the limited trial took place regarding "Ms. Chumley's ability to present evidence regarding her actions that may serve to reduce her total liability." Ms. Lacour moved to exclude evidence that would be beyond the scope of the trial, namely an expert forensic accounting report offered by the accountant Jason MacMorran. The court excluded the report because it held that it was beyond the scope of the trial at hand. The court also excluded any testimony from Ms. Chumley for the same reasons. Ms. Chumley proffered 11 exhibits and 2 statements from Mr. MacMorran and Ms. Chumley regarding what their testimony would have shown. Ms. Lacour did not admit or proffer any evidence.

3

A judgment was signed the day of the trial as follows:

> After considering the evidence adduced, the applicable law, the arguments of counsel, and this Court's prior ruling on Motions for Summary Judgment, this Court now enters the following Judgment.
>
> IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that Judgment is hereby rendered in favor of the Succession of Johnye Mae Madden, and against Mary Elizabeth Chumley in the amount of $531,838.49, subject to the twenty percent (20%) penalty per La. C.C.P. art. 3222, together with legal interest thereon from the filing of this action.

On November 20, 2024, this court reversed the trial court's ruling from November 27, 2023, holding:

> In fulfilling her duties as the succession representative, Ms. LaCour has merely proved the existence of a debt associated with Madden Property Management. She must now prove the value of MPM at the time of Johnye Mae's death, the alleged decrease in that value, whether Ms. Chumley is responsible for the alleged decrease in value following the decedent's death, and if so, how much Ms. Chumley depleted MPM's assets. Given the record before us, we cannot say that these issues have been properly determined at this stage in the proceedings. Although the district court correctly denied Ms. Chumley's summary judgment motions, we conclude that the district court improperly granted partial summary judgment in favor of Ms. LaCour.

*LaCour v. Chumley*, *supra* at p. 11, 402 So. 3d at 61.

In other words, this court held that the trial court was in error to grant the motion for summary judgment because Ms. Lacour had not proven: (1) the value of MPM at the time of Johnye Mae's death, (2) the alleged decrease in value, and (3) whether and to what extent Ms. Chumley was responsible.

Ms. Chumley now appeals the trial court's August 28, 2024, ruling.

4

*The August 28, 2024, Judgment*

Ms. Chumley argues that the judgment was invalid because, by the trial court's own admission, it was based on a summary judgment that was later reversed. Ms. Chumley notes that this court's previous opinion reasoned that the trial court was in error to grant the summary judgment because Ms. Lacour had not proven the value of MPM at the time of Johnye Mae's death, the alleged decrease in value, whether Ms. Chumley was responsible, and if so, to what extent. Ms. Chumley argues that the trial held on August 28, 2024, involved none of those issues. In fact, no additional evidence was admitted in support of Ms. Lacour, and Ms. Chumley's attempt to offer evidence was rebuffed by the trial court as it was "outside the scope of the trial."

Ms. Chumley's argument relies on the specific language used by the trial court in its ruling, to wit: "After considering the evidence adduced, the applicable law, the arguments of counsel, *and this court's prior ruling on motions for summary judgment*, this court now enters the following judgment." Ms. Chumley points out that she anticipated this issue and argued for a stay or a continuance on three different occasions, to no avail.

Ms. Lacour has acknowledged that the judgment in her favor should be vacated because this court ruled that the motion for summary judgment underlying it was improperly granted.

The appellate court shall render any judgment that is just, legal, and proper upon the record on appeal. La. C.C.P. art. 2164. Questions of law are reviewed by this court under the *de novo* standard of review. *City of Shreveport v. Shreveport Mun. Fire & Police Civ. Serv. Bd.*, 52,410 (La.

App. 2 Cir. 1/16/19), 264 So. 3d 643. Appellate review of a question of law is to determine whether the trial court was legally correct or legally incorrect. *Nielsen v. Nielsen*, 55,447 (La. App. 2 Cir. 11/22/23), 375 So. 3d 1042.

Here, the trial court elected to go forward with a trial on August 28, 2024, even though its previous ruling granting a motion for partial summary judgment was still pending in this court on appeal. The judgment granting the motion for summary judgment left open the issue of "Ms. Chumley's ability to present evidence regarding her actions that may serve to reduce her total liability." The trial court acknowledged the limited scope of the trial at an April 23, 2024, status conference. Then, at a hearing on a motion to compel the day before the trial, the trial court again recognized the limited nature of the trial, saying that it "would not relitigate anything that has to do with [the issue at the Second Circuit]." Finally, on the day of the trial, the trial court excluded all evidence that was related to anything which involved the motion for summary judgment. The status of the appealed motion for summary judgment was clearly contemplated by the trial court. It is therefore puzzling why the August 28, 2024, trial took place when its outcome was so intertwined with the issue then pending on appeal at this court.

By proceeding with the August 28, 2024, trial, the trial court ran the risk that its judgment at the conclusion of the trial would conflict with this court's opinion on the appealed summary judgment. That is exactly what happened. The judgment entered at the conclusion of the trial acknowledges that it was based, in part, on the trial court's previous decision to grant Ms.

6

Lacour's motion for summary judgment. This court then released its opinion reversing the trial court on the very thing it based its August 28, 2024, ruling on. This situation was avoidable, as evidenced by the numerous requests for a stay or continuance which were either ignored or explicitly denied by the trial court.

In light of this court's prior reversal of the motion for summary judgment, we find that it was improper for the trial court to go forward after it certified the matter as final for appeal. In *Lacour v. Chumley, supra*, this court gave clear guidance on what was required to be proved by Ms. Chumley. Unfortunately, the trial court forced a trial in August 2024 before this court had an opportunity to opine. This constituted legal error, and we reverse and remand for a full trial on the merits.

Ms. Chumley also argued that the trial court erred in denying her the opportunity to offer evidence at trial based on the later reversed summary judgment, and by baselessly imposing penalties on her under La. C.C.P. art. 3222 at the conclusion of the trial. Because we hold that it was improper for the trial court to proceed with the August 28, 2024, trial in the first place, those issues are moot.

## CONCLUSION

The trial court's judgment is reversed, and the case is remanded for a full trial on the merits. The costs of the appeal are assessed to appellee.

**REVERSED AND REMANDED.**